# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

YUSBEL ALVAREZ-FONSECA,

      Petitioner,

      v.                                 Case No. 2:26-cv-01565 KWR-JFR

WARDEN, Otero County Processing Center,
ACTING DIRECTOR,
Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department
Of Homeland Security; EL PASO FIELD OFFICE DIRECTOR,
El Paso Field Office Enforcement and Removal Operations,
U.S. Immigration and Customs Enforcement,
AND TODD BLANCHE, U.S. Attorney General,

      Respondents.

## **ORDER DISMISSING PETITION WITHOUT PREJUDICE**

THIS MATTER comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen. When he filed his habeas petition, he was in ICE detention at the Otero County Processing Center in New Mexico. Petitioner requested release from custody. The Court issued an order to show cause directing Respondents to state whether Petitioner is still in custody. Respondents assert that Petitioner was released on June 2, 2026 and is no longer in ICE detention.

Because Petitioner has been released from custody, his habeas petition challenging his detention is now moot. First, Respondents assert that Petitioner was released on June 2, 2026 and is no longer in detention. *See* Doc. 7. Moreover, the Court was unable to find Petitioner in the online ICE custody locator. "Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Cohen Ma v. Hunt*, 372 F. App'x 850, 851–52 (10th Cir. 2010). An

"actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (citation and quotation omitted). "Once the controversy ceases to exist, the action is moot and this court lacks jurisdiction." *Id.* (quoting *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (citation omitted)).

Generally, release from custody may moot a § 2241 habeas petition challenging detention. *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (petitioner's "challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. Ferry's administrative removal order has been executed, and thus, Ferry is no longer in the custody of the DHS to benefit from a bond determination or release."); *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716–17 (10th Cir. 2004) (noting that petitioner's release from custody mooted habeas petition which challenged the legality of the duration of his detention).

However, a petition is not moot if: (1) secondary or collateral injuries survive after the petitioner is released; (2) after release, the detention is deemed a wrong capable of repetition yet evading review; (3) the respondent voluntarily ceases the allegedly illegal practice but may resume it at any time; or (4) the action is properly certified as a class action. *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The Court is cognizant that collateral consequences stemming from removal or removal proceedings are not relevant to whether the habeas petition challenging detention is moot. *See, e.g., Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("But Ferry's inability to return to the United States is a continuing injury that stems from his removal order, not his detention."). Here, the record clearly shows that the Petition is moot. In his Petition, Petitioner challenged his detention and he requested release, and he has now been released. The record does not suggest that any of the exceptions to mootness may apply. Therefore, the Petition is now moot, and this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Petition is **DISMISSED WITHOUT PREJUDICE.**

                                   \_\_\_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE